■ In the Matter of JOHN F. POWER, JR., Petitioner, v. SUPREME COURT OF THE STATE OF NEW YORK, NEW YORK COUNTY, SPECIAL TERM, PART XII, et al., Respondents.— Application withdrawn and petition dismissed as moot. No opinion. Concur — McGivern, J. P., Markewich, Nunez, McNally and Steuer, JJ.

## (May 6, 1969)

■ MILTON SEAMAN, Appellant, v. HELEN SEAMAN, Respondent.— Order entered October 18, 1968, granting defendant's motion to dismiss complaint, unanimously reversed on the law, the motion denied, and the complaint is reinstated, without costs or disbursements. The motion was brought pursuant to CPLR 3211 (subd. [a], par. 7). The granting of the motion is without support in the record. Both causes of action contain sufficient specificity to render a repleading a circuitous waste of time, particularly in view of the repetitive and needlessly contentious background of this litigation. The first cause of action based on cruel and inhuman treatment adequately sets forth the time wherein the defendant's first action was brought for separation, the grounds therefor and the date of the entry of judgment, together with a summary statement of the disposition and findings. There are also sufficient details set forth in the second cause of action concerning the alleged lock-outs and the abandonment and refusal to live and cohabit with plaintiff. The grounds asserted are sufficient for the relief requested. (*Diemer* v. *Diemer,* 8 N Y 2d 206, 211; *Fox* v. *Fox,* 17 Misc 2d 998, affd. 17 A D 2d 939.) After nearly 10 years of dismal litigation it is difficult to appreciate how the defendant at this stage could ever lack knowledge of any of the details relied on by plaintiff. Since the defendant is not prejudiced in any way, the complaint is sufficient. (*Lane* v. *Mercury Record Corp.,* 21 A D 2d 602, affd. 18 N Y 2d 889.) Concur — Capozzoli, J. P., Tilzer, McGivern, Markewich and Nunez, JJ.

■ MILTON SEAMAN, Appellant, v. HELEN SEAMAN, Respondent.— Order entered December 27, 1968, allowing defendant wife counsel fees to defend against appeal from order dismissing complaint unanimously affirmed, without costs or disbursements. The action for divorce brought by plaintiff husband, an attorney, is grounded on alleged cruel and inhuman treatment and abandonment. Since, in spite of the long and tortuous litigation preceding this motion, it appeared defendant might still have a meritorious defense, at least sufficient to bar the specific relief sought by plaintiff, the modest award at $375, and printing costs, by Special Term, does not constitute an abuse of discretion. Concur — Capozzoli, J. P., Tilzer, McGivern, Markewich and Nunez, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILMUTH HENDRICKSON, Appellant.— Judgment unanimously affirmed. (See *People* v. *Hagan,* 29 A D 2d 931, affd. 24 N Y 2d 395.) Concur — Capozzoli, J. P., McGivern, Nunez, Steuer and Bastow, JJ.